UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                  v.

                                                               **Hon. Hugh B. Scott**

KENNETH KASPER,                                                    10CR318S
PHYLLIS KASPER,

                                                                       **Order**

                  Defendants.

      This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 2). The instant matter before the Court is the Government's motion (Docket No. 24) to reconsider the Order (Docket No. 19) granting defendants the disclosure of Grand Jury minutes. This arose from defendants' pending joint omnibus motion seeking various discovery relief, including inspection of Grand Jury minutes (Docket No. 14, at 9-11), as well as dismissal of the Indictment (Docket No. 14).

      Response to the Government's reconsideration motion was due on April 8, 2011 (Docket No. 23), defendants filed a timely joint response (Docket No. 25), and the motion was argued on April 18, 2011 (Docket Nos. 23, 26). The Order setting this briefing schedule also granted the Government's motion to stay disclosure of the Grand Jury minutes pending resolution of its reconsideration motion (id.; see Docket Nos. 20, 22 (motion extending the Government's time to move)). Following oral argument, defendants filed a joint Notice of Withdrawal of so much of their omnibus motion seeking to inspect the Grand Jury minutes (Docket No. 27).

I.      Reconsideration of Motions in Criminal Cases

The Federal Rules of Criminal Procedure makes no express provision for reconsideration. Judge Larimer in another case held that the Magistrate Judge there had the "discretion to reconsider or reopen prior proceedings which precipitated" the Magistrate Judge's decision, United States v. Florack, 155 F.R.D. 49, 51 (W.D.N.Y. 1994). In Florack, the Government sought reconsideration (pursuant to then Federal Rule of Criminal Procedure 12(f)[1]) by Magistrate Judge Fisher of his refusal to allow the Government to argue an otherwise defaulted suppression motion, id. at 50-51; see id. at 51-52 (Report & Rec. of Fisher, Mag. J.). Judge Siragusa of this Court held in United States v. Amanuel, No. 05CR6075, 2006 WL 266560, at *1 (W.D.N.Y. Jan. 31, 2006), that the civil standard for reconsideration is applicable in criminal cases, that the standard for reconsideration is "strict" and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," id. (internal quotations and citations omitted).

II.     Misleading the Grand Jury and Grand Jury Minutes

Under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), this Court may authorize the disclosure of a Grand Jury matter at the request of the defense who shows that a ground may exist to dismiss the Indictment because of a matter that occurred before the Grand Jury. The Court may authorize this disclosure "at a time, in a manner, and subject to any other conditions that it directs," id. Defendants had to show that they have a particularized need for disclosure that outweighs the Government's interest in maintaining Grand Jury secrecy, United States v.

---

[1]Now, in part, Federal Rule of Criminal Procedure 12(e).

Case 1:10-cr-00318-WMS-HBS   Document 28   Filed 04/20/11   Page 3 of 4

Alexander, 860 F.2d 508, 513 (2d Cir. 1988) (id. at 9); see Twersky, supra, 1994 U.S. Dist. LEXIS 8744, at *14-16 (granting in camera review of Grand Jury minutes and reserving decision on motion to dismiss indictment).

Initially, the Court found that defendants have established particularized need to see these Grand Jury minutes. The Government has presented in its motion for reconsideration additional data not presented to this Court. Relying upon the holding in the earlier prosecution, the Government at first argued that United States v. Kasper, No. 09CR91, is law of the case and did not describe what the Grand Jury considered. The Government concedes that evidence supporting defendants' theory was not presented to the Grand Jury, the Grand Jury was not instructed on that theory, and consideration of the Grand Jury minutes would be futile here. The Government never viewed this case as a return of capital case, but rather as a false filing case (as it had in the 2009 prosecution). Defendants have now withdrawn their motion to compel inspection of those minutes (Docket No. 27). As a result, **production of the Grand Jury minutes is unnecessary**.

For the reasons stated above, so much of defendants' joint omnibus motion (Docket No. 14, Defs. Motion at 9-11) seeking inspection of the Grand Jury minutes is **denied as deemed withdrawn (Docket No. 27) and satisfied by the Government's representations presented in its motion for reconsideration (Docket No. 24)**; the Government's motion for reconsideration (Docket No. 24) is **granted**.

Any supplemental briefing on the remaining motions by defendants (in particular, their motion to dismiss the Indictment) is now due on or before **May 9, 2011**; the Government shall

respond to this supplementation by **May 30, 2011**, and argument will be set for **Tuesday, June 7, 2011, 10:00 AM**, before the undersigned.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 20, 2011