UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                          **Hon. Hugh B. Scott**

        v.

                          10CR318S

                          **Order**

KENNETH KASPER,
PHYLLIS KASPER,

                Defendants.

      This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. 636 (b)(1)(A) and, pursuant to 28 U.S.C. 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. 636(b)(1)(A) (Docket No. 2).

      The instant matter before the Court is Defendants' omnibus motion (Docket No. 14) which seeks the following relief: filing of a Bill of Particulars; production of discovery; hearing on Federal Rule of Evidence 702 expert testimony; voir dire of Government's experts outside the presence of the jury; Jencks Act; production of Government summaries and Brady materials, Federal Rule of Evidence 404(b) and 609 disclosure; preservation of rough notes; and disclosure of informant information.

      The Government has filed responding papers (Docket No. 15), arguing that a previous action acts as law of the case for defendants' present motions (id. at 3-6, 12-17), and oral argument was heard on February 18, 2011 (Docket No. 18), further argument on dispositive portions of defense motion was held on June 7, 2011 (Docket No. 34), and the omnibus motion

was deemed submitted as of June 7, 2011.  A Report & Recommendation was entered on the dispositive portions of the motion (Docket No. 35; see also Docket No. 28 (noting defendants withdrawal of their motion for production of Grand Jury minutes)).  Familiarity with that Report (as well as prior Orders in this action, Docket Nos. 19, 23, 28) is presumed.

The Government cross moved for production from defendants (Docket No. 15, Gov't Response at 18).

## BACKGROUND

As stated in the Report & Recommendation (Docket No. 35), this is the Government's renewed attempt to charge these defendants with making false statements on their tax returns regarding certain corporate earnings.  In 2009, the Grand Jury indicted these defendants for fraudulent and false statements, United States v. Kasper, No. 09CR91 (hereinafter "Kasper 09CR91"), Docket No. 1.  After this Court issued a Report & Recommendation, Kasper 09CR91, Docket No. 19, adopted, id., Docket No. 31, and Order, id., Docket No. 20, on the defense joint omnibus motion (very similar to those present in this case), id., Docket No. 8, Chief Judge Skretny dismissed that case, without prejudice, on Speedy Trial Act grounds, id., Docket Nos. 44 (Order), 45 (minute entry), see 18 U.S.C. § 3162; Bloate v. United States, 559 U.S. ___, 130 S.Ct. 1345 (2010), on defendants' motion for reconsideration and to dismiss, id. Docket No. 39. Since both defendants and the Government repeat many of the arguments from Kasper 09CR91 in the present case, the Court will consider its disposition of those arguments from the earlier case, including the Order (as described below for each distinct form of relief sought) issued in that case.

**DISCUSSION**

I.      Discovery

Since the discovery sought here is the same sought in Kasper 09CR91 and this Court found that the Government had produced discovery (Kasper 09CR91, Docket No. 20, Order at 2), the Government's production in this renewed action is **deemed sufficient** for defendants' motion for similar relief in this action.

II.     Bill of Particulars

Again, since the allegations in this case are identical to those in Kasper 09CR91, defendants' present motion for a Bill of Particulars is **denied** for the reasons stated in the omnibus Order entered in Kasper 09CR91 (Docket No. 20, Order at 2).

III.    Hearing on Government Experts and Voir Dire of Government Experts

As previously found in Kasper 09CR91 (Docket No. 20, Order at 3), the defense renewed requests for a Daubert[1] hearing and voir dire of the Government's experts outside the presence of the jury **is best decided by the District Judge presiding over the trial**.

IV.     Brady Materials

As was found in Kasper 09CR91 (Docket No. 20, Order at 3-6), defendants' motion for disclosure of Brady[2] materials in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

---

[1] Daubert v. Merrill Dow Pharm., Inc., 509 U.S. 579 (1993).

[2] See Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

V.      Jencks Act Materials

As for defendants' request for Jencks Act, 18 U.S.C. § 3500, material prior to trial, and as found in <u>Kasper</u> 09CR91 (Docket No. 20, Order at 3-6), the timing of that production should be consistent with the final pretrial Order of the District Court.

VI.     Federal Rules of Evidence 404 and 609 Materials

As previously decided in <u>Kasper</u> 09CR91 (Docket No. 20, Order at 6-7), the Government is **to produce all** Federal Rule of Evidence 404(b) evidence as directed by the District Court in its pretrial Order and, to the extent it intends to use a conviction of either defendant more than ten years old, the Government **must comply** with the requirements of Federal Rule of Evidence 609(b).

VII.    Identity of Informants

Defendants next renew their request for disclosure of the identities of informants. As found previously, <u>Kasper</u> 09CR91 (Docket No. 20, Order at 7-8), the Government represented that it has not utilized nor relied upon informants and the Government renews these representations in this action (Docket No. 15, Gov't Response at 17). This response **is sufficient**.

VIII.   Preservation of Evidence

Defendants also have requested preservation of rough notes and other evidence taken by law enforcement agents involved. As previously directed, <u>Kasper</u> 09CR91 (Docket No. 20, Order at 7), the Government **is directed to preserve all items of evidence**.

IX.     Government's Cross Motion for Discovery

In its response, the Government also seeks discovery from defendants pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A) (Docket No. 15, Gov't Response at 18). Defendants did

not respond to this cross motion.  Under Rule 16, the Government is entitled to production of documents in defendant's possession that he intends to use in his case-in-chief.  Defendants are reminded of their respective obligations under Rule 16 to produce, therefore, the Government's cross motion is **granted**.

* * *

Attached to this Order is a copy of the Order entered in <u>Kasper</u> 09CR91 (Docket No. 20), which is hereby reaffirmed.

### CONCLUSION

For the reasons stated above, so much of defendants' joint omnibus motion seeking various discovery relief (Docket No. 14) is **granted in part, denied in part, or deferred for action by the District Judge prior to trial** as indicated above.  The Government's cross motion for discovery (Docket No. 15, Gov't Response at 18) is **granted**.

So Ordered.

/s/ Hugh B. Scott  
Hon. Hugh B. Scott  
United States Magistrate Judge

Dated: Buffalo, New York
       June 20, 2011

Attach., <u>United States v. Kasper</u>, 09CR91, Docket No. 20, Order