UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                                 **DECISION AND ORDER**
                                                                          10-CR-318S

KENNETH KASPER and PHYLLIS KASPER,

                Defendants.

       1.       Defendants Kenneth and Phyllis Kasper are charged with three counts of making false statements on their federal income tax returns, in violation of 26 U.S.C. § 7206(1). On January 25, 2012, this Court issued a Decision and Order accepting the Magistrate Judge's recommendation that Defendants' Motion to Dismiss the Indictment be denied. (Docket No. 56.) Familiarity with this Court's prior decision and the Magistrate Judge's Report and Recommendation is presumed. Presently before this Court is Defendants' Motion for Reconsideration. (Docket No. 65.)

       2.       Generally, a district judge may modify pre-trial rulings and interlocutory orders at any time before final judgment. See In re United States, 733 F.2d 10, 13 (2d Cir. 1984). Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Shrader v. CSZ Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court"); Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

3.  The decision whether to grant or deny a motion to reconsider lies in this Court's discretion.  See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).  Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant."  Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F.Supp. 538, 541 (M.D.Pa. 1993)).  Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision.  See Duane, 1994 WL 494651 at *1.  After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge."  Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

4.  Upon careful consideration of Defendants' motion, this Court finds no basis to revisit or reverse its prior Decision and Order.  Defendants simply reargue and reiterate positions that have already been raised and rejected several times.  They do so under the auspices that this Court was "critically mistaken" and ignored, overlooked, and "made no effort to distinguish" certain cases that Defendants maintain are controlling.  See, e.g., United States v. Reynolds, 919 F.2d 435 (7th Cir. 1990); United States v. Borman, 992 F.2d 124 (7th Cir. 1993); United States v. Cerullo, No. 05cr1190 BEN, 2007 WL 2317266

(S.D.Cal. Aug. 8, 2007). This Court, however, does not share Defendants' view that these cases, none of which constitute controlling precedent, are controlling.

5.  Defendants rely on Reynolds and Borman for the proposition that a violation of 26 U.S.C. § 7206(1) cannot be found if the allegedly false statement does not relate to material information called for by the tax form itself. In both cases, the defendants filed literally true tax forms, but failed to file additional forms that would have required the disclosure of additional income. Here, contrary to Defendants' repeated representation that Defendants have been indicted for failing to report their gross corporate distributions for which no line exists on the 1040 form, the indictment actually charges them with falsely reporting their total income, which is required to be reported on Line 22. Reynolds and Borman are therefore not persuasive.

6.  Defendants also rely on Cerullo, a case where the court dismissed an indictment because the prosecutor affirmatively misled the grand jury by providing incorrect legal instructions. No such facts are found in this case. There are no allegations that the prosecutor deliberately misled the jury. Cerullo is therefore distinguishable.

7.  To be sure, these cases were briefed by the parties, argued at oral argument, and fully considered by this Court. But the arguments that these cases support are not persuasive and do not warrant dismissal of this properly returned indictment. Nor is there merit to Defendants' argument that this Court applied "flawed reasoning" when it held that a prosecutor is not required to instruct the grand jury concerning §§ 301 and 316 of the tax code. No doubt Defendants take a different view and are dissatisfied with this Court's decision. But use of a motion to reconsider as a vehicle to reargue a case is improper. See Nossek, 1994 WL 688298 at *1; United States v. Chiochvili, 103 F.Supp.2d 526, 530-

31 (N.D.N.Y. 2000) (reargument is not a proper basis for a motion to reconsider); Schonberger, 742 F.Supp. at 119 ("the provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided").  Accordingly, Defendants' Motion for Reconsideration is denied.

     IT HEREBY IS ORDERED, that Defendants' Motion for Reconsideration (Docket No. 65) is DENIED.

     SO ORDERED.

Dated:   June 28, 2012
         Buffalo, New York

                                    /s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                          Chief Judge
                                  United States District Court